UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>Gigi JORDAN,<br><br>                          <em>Plaintiff</em>,<br><br>       -against-<br><br>Raymond A. MIRRA, JR.,<br><br>                       <em>Defendant.</em></td><td><strong>Case No. 12 Civ. 1742 (KBF) (RLE)</strong></td></tr>
</table>

**DISTRICT ATTORNEY NEW YORK COUNTY'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION TO INTERVENE PURSUANT TO FRCP 24(A) AND (B) AND FOR A STAY OF DISCOVERY**

Kerry J. O'Connell
Assistant District Attorney
Of Counsel

Cyrus A. Vance, Jr.
District Attorney New York County
One Hogan Place
New York, New York 10013
Email: oconnellk@dany.nyc.gov
(212) 335-4336 (tel)
(212) 335-4159 (fax)

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................... ii

PRELIMINARY STATEMENT ...................................................................... 1

BACKGROUND ............................................................................................ 1

ARGUMENT ................................................................................................. 5

      A.     THE DISTRICT ATTORNEY SHOULD BE GRANTED
             PERMISSION TO
             INTERVENE............................................................................. 7

      B.     THIS COURT SHOULD GRANT A STAY OF
             DISCOVERY ........................................................................... 9

CONCLUSION ............................................................................................ 13

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Arden Way Assocs. v. Boesky*,
  660 F. Supp. 1494 (S.D.N.Y. 1987) .............................................................. 10

*Campbell v. Eastland*,
  307 F.2d 478 (5th Cir. 1962), *cert. denied*, 371 U.S. 955 (1963) .................................. 12

*Deegan v. United States*,
  517 U.S. 820 (1996) .............................................................................13

*Kashi v. Gratsos*,
  790 F.2d 1050 (2d Cir. 1986)..................................................................... 9

*Morris v. A.F.S.C.M.E.*,
  2001 WL 123886 (S.D.N.Y. Feb. 9, 2001)................................................ 7, 10

*SEC v. Chestman*,
  861 F.2d 49 (2d Cir. 1988) ...................................................................... 9

*SEC v. Dresser Indus., Inc.*,
  628 F.2d 1368 (D.C. Cir.), *cert. denied*, 449 U.S. 993 (1980)........................................ 10

*SEC v. Kozlowski*,
  2003 WL 1888729 (S.D.N.Y. Apr. 15, 2003) ............................................. 7

*Twenty First Century Corp. v. LaBianca*,
  801 F.Supp. 1007 (E.D.N.Y. 1992) ...................................................7, 11, 13

*United States v. Kordel*,
  397 U.S. 1 (1970)................................................................................ 9

*United States v. One 1964 Cadillac Coupe DeVille*,
  41 F.R.D. 352 (S.D.N.Y. 1966) .................................................................. 10

## STATUTES

New York Criminal Procedure Law § 250.10.................................................... 2

New York Penal Law § 35.05(1)............................................................. 5

New York Penal Law §125.25(1)..................................................................................... 1

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure 24(a) ....................................................... 1, 8, 9

Fed. R. Civ. P. 24(b) .................................................................................. 1, 8, 9

## PRELIMINARY STATEMENT

The New York County District Attorney ("District Attorney") respectfully submits this Memorandum in support of its application to intervene in this case, pursuant to Federal Rules of Civil Procedure 24(a) and/or 24(b), for the sole purpose of moving to stay proceedings in this civil action pending the resolution of an overlapping criminal matter against the Plaintiff herein, Gigi Jordan, presently before a New York State Supreme Court, Criminal Term.  For the reasons set forth below, the District Attorney respectfully requests that the Court grant this motion, and stay further proceedings in this action.

## BACKGROUND

Plaintiff Gigi Jordan currently stands indicted in New York State Supreme Court, Criminal Term, on one count of Murder in the Second Degree under New York Penal Law §125.25(1), for the poisoning to death of her eight-year-old son, Jude Mirra, at the Peninsula Hotel on or about February 5, 2010.  The criminal proceedings against Ms. Jordan are pending before the Honorable Charles H. Solomon, Jr., in the Supreme Court of the State of New York, County of New York.

Ms. Jordan was arrested on February 5, 2010, and was arraigned on February 16, 2010, and entered a not guilty plea.  Bail was denied, and Ms. Jordan currently remains incarcerated in the New York City Corrections Department on Rikers Island awaiting trial.

On March 9, 2012, Ms. Jordan filed the instant civil Complaint against

Defendant Raymond A. Mirra, Jr., her former business partner and ex-husband.

Plaintiff's civil Complaint asserts a number of claims against Mr. Mirra including

breach of contract, breach of fiduciary duties, misrepresentation and fraud.  These

claims stem from the financial relationship Mr. Mirra had with Ms. Jordan from 1997

up to the time of the murder.  These claims also arise from the Separation and

Distribution Agreement (and ancillary agreements related thereto) that Mr. Mirra and

Ms. Jordan voluntarily entered into in early 2008 – two years before the murder of her

son – whereby the financial relationship between Mr. Mirra and Ms. Jordan was

severed.

Ms. Jordan has presented many of the same allegations asserted in her

Complaint in this action in a Bail Motion that was filed on her behalf in her criminal

proceeding last year.  *See* Exh. 1, at 23-26.  In her Bail Motion, Ms. Jordan provided

notice pursuant to New York Criminal Procedure Law § 250.10[1] that she intends to

rely upon defenses of "justification, necessity and duress" to the murder charge she is

facing, and in particular, intends to raise the novel defense of "altruistic filicide." *Id.,*

---

[1] New York Criminal Procedure Law § 250.10 requires that a defendant intending to
offer psychiatric evidence in support of a defense (e.g., insanity or extreme emotional
disturbance) must provide notice to the District Attorney of the defense.  The notice
has been submitted as a "Qualified" psychiatric notice, however no such "qualified"
notice exists under New York State law.

at 55-57.  According to Ms. Jordan, the factors that motivated her to kill her son Jude included her alleged belief that Mr. Mirra "was planning to kill her" in order "to avoid discovery of his financial crimes," and her alleged fear that if she were killed, the biological father of Jude (Emil Tzekov) would obtain custody of and/or access to Jude and "continue to sexually and physically abuse him."  *Id.*, at 58.

In proffering this defense as part of her Bail Motion, Ms. Jordan referenced the same financial transactions with Mr. Mirra that are alleged in her civil Complaint in this action against Mr. Mirra.  *Id.*, at 20-26 ("Ray Mirra:  Separation of Assets and Financial Fraud").  *See also* Financial Exhibits to Bail Motion, Executive Summary (at Exh. 2).  For example, Ms. Jordan's Bail Motion includes the same allegations of "forging Ms. Jordan's signature on a wide variety of real estate deeds, loan instruments, trust instruments and brokerage accounts." (*see* Bail Motion, at 25).  Ms. Jordan makes the same allegation in her civil Complaint when she states that, "[i]t is alleged on information and belief that Mirra caused the forgery of Jordan's name on mortgages, loans and lines of credit."  *Compare* Complaint, ¶ 62.  Similarly, the Executive Summary to the Financial Exhibits submitted along with Ms. Jordan's Bail Motion details the same financial transactions alleged in her civil Complaint.  *See, e.g.*, Exh. 2, at 8-13 (referencing amounts claimed due to Ms. Jordan on the same 1997 and 1998 Promissory Notes alleged at Complaint, ¶¶ 35-44); and *id.*, at 28 (assertion that schedule of companies attached to the 2008 Separation and Distribution Agreement

did not disclose certain Mirra companies); and Complaint, ¶ 104 (restatement of the

same financial allegations).

In ruling on Ms. Jordan's Bail Motion in his August 11, 2011 Decision and

Order (copy at Exh. 3), Justice Solomon stated:

> "In asking the Court to set bail, defendant [Ms. Jordan] sets forth
> in great detail and at great length the nature of the proposed
> defense at trial, which she characterizes as a complete defense.
> Defendant candidly acknowledges that the defense, to which she
> gives the name 'altruistic filicide,' is one of first impression.  This
> defense, which combines elements of justification, duress and
> necessity, has not previously been advanced in any court in this
> country.  . . .
>
> [A] great part of the argument made by the defense in this
> application for bail centers on defendant's ex-husband, Ray
> Mirra."

Exh. 3, at 5.

Justice Solomon concluded, however, that the issues raised by Ms. Jordan

concerning her "altruistic filicide" defense were not persuasive regarding bail, and

denied the application to set bail for Ms. Jordan.  *Id.*, at 6.  This order is now on

appeal to the Appellate Division, First Department with oral argument having been

heard on April 12, 2012.  Ms. Jordan's counsel has to date not yet requested or

obtained a ruling in the criminal action on whether, as a matter of law, the Court will

recognize "altruistic filicide" as a defense to the Second Degree Murder charges Ms.

Jordan is facing in New York state court.

## ARGUMENT

The District Attorney respectfully requests that the Court grant it leave to intervene for the limited purpose of requesting a stay of the proceedings in this matter. A stay pending resolution of Ms. Jordan's criminal case is warranted and appropriate for several reasons.

First, the issues raised in Ms. Jordan's Complaint in this action materially overlap with the issues Ms. Jordan has presented as purported support for the defense she intends to present in her pending criminal proceeding.

New York Penal Law § 35.05(1) provides in pertinent part that "the court shall rule as a matter of law whether the claimed facts and circumstances would, if established, constitute a defense." Ms. Jordan's counsel has not made a motion or received a ruling by the Court regarding the legal viability of her proposed defense. Instead, Ms. Jordan's counsel submitted a proffer of the defense in conjunction with a request for setting of bail (which was denied by the trial court) under the rationale that "because she has a viable defense which she is vigorously pursuing, the Court can be assured that she will appear before the Court when required." Exh. 2, at 5. As Justice Solomon recognized, if Ms. Jordan's defense were accepted, it would be the first time that a court had allowed this defense in the annals of New York State criminal law.

While the District Attorney does not concede the validity of Ms. Jordan's proposed defense, Ms. Jordan has given notice that she intends to raise a defense in

her criminal case which is based in material part upon the same financial transactions between Ms. Jordan and Mr. Mirra that are alleged as the predicate for her claims in this civil action.  Given the overlap between the defense Ms. Jordan has indicated she will be proffering in her criminal case and the claims she has asserted in this action, the District Attorney respectfully submits that all discovery in this action should be stayed pending the disposition of Ms. Jordan's criminal matter.

Second, during the criminal investigation relating to the murder of Ms. Jordan's son Jude, the Office of the District Attorney conducted interviews with Mr. Mirra and his colleagues that related to, among other things, the business relationship between Ms. Jordan and Mr. Mirra.  As the criminal case moves forward to trial, additional interviews of Mr. Mirra will take place in the anticipation of calling him as a witness during the criminal trial.  The District Attorney believes there is no evidence to support the contention that either Ms. Jordan or her child were threatened with imminent deadly force by Mr. Mirra or any other person.  Notwithstanding, as shown below, Ms. Jordan should not be permitted to use the broad civil discovery rules and procedures available in this civil action to procure information that would not be available to her in her criminal case.  To allow Ms. Jordan the use of such discovery mechanisms would allow her to tailor testimony and defenses to conform to the District Attorney's proof.

Therefore, because of the substantial overlap between Ms. Jordan's claims in this action and the defense she has proffered in response to the State's murder charges, and because Mr. Mirra is potentially a material witness in Ms. Jordan's said murder case, a stay of this action is warranted and appropriate to allow for the fair and proper process of the criminal proceeding. Furthermore, a stay of this action will not hinder Ms. Jordan's ability to press forward with the civil claims she has presented in this action in the future.

## A.  THE DISTRICT ATTORNEY SHOULD BE GRANTED PERMISSION TO INTERVENE

Courts "have allowed the government to intervene in civil actions - - especially when the government wishes to do so for the limited purpose of moving to stay discovery." *Twenty First Century Corp. v. LaBianca*, 801 F.Supp. 1007, 1009 (E.D.N.Y. 1992). *See also Morris v. A.F.S.C.M.E.*, 2001 WL 123886 at *1 (S.D.N.Y. Feb. 9, 2001) ("It is well-established that the Government may intervene in a federal civil action to stay discovery when there is a parallel criminal proceeding, which is anticipated or already underway, that involves common questions of law or fact").

This Court has recognized the right of the New York State District Attorney's office to intervene into federal civil court proceedings for the limited purpose of seeking a stay of discovery, where the federal action involves overlapping issues to state criminal prosecutions. *See SEC v. Kozlowski*, 2003 WL 1888729 (S.D.N.Y. Apr.

15, 2003) (granting motion for intervention by New York County District Attorney's office, and granting stay of discovery in SEC's civil enforcement action against Dennis Kozlowski pending completion of criminal proceedings against defendant); *Morris v. A.F.S.C.M.E.*, *supra* (granting New York County District Attorney's motion to intervene and stay discovery relating to individual defendant who was the subject of pending criminal prosecution).

The District Attorney submits that its intervention into this action is warranted under Federal Rules of Civil Procedure 24(a) and/or (b).  Under Fed. R. Civ. P. 24(a)(2), a non-party is permitted to intervene as a matter of right when it "claims an interest relating to the property or transaction which is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest."  In addition, permissive intervention is authorized under Fed. R. Civ. P. 24(b)(2) when the nonparty "has a claim or defense that shares with the main action a common question of law or fact."  The District Attorney respectfully submits that it is entitled to intervene as a matter of right in this action, or alternatively, that permissive intervention is warranted, given the relationship of Ms. Jordan's claims in this action to the factual issues that she has raised in support of her proposed defense in her pending criminal proceeding.

The District Attorney has a substantial interest in the subject matter of this litigation, given the overlapping factual allegations made in the Complaint filed in this

8

action and in her Bail Motion outlining the factual support for her proposed defense

of "altruistic filicide" in her criminal proceeding.  The District Attorney also has a

"discernable interest in intervening in order to prevent discovery in a civil case from

being used to circumvent the more limited scope of discovery in the criminal matter."

*See SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988) (ruling that district court had not

abused its discretion in permitting intervention by the United States Attorney for the

Southern District of New York under either Fed. R. Civ. P. 24(a) or (b) and granting

stay of discovery of civil action by SEC "pending disposition of a criminal

investigation concerning the same underlying facts").  Furthermore, the District

Attorney's interests in the enforcement of New York state's criminal law statutes and

in ensuring the orderly process of its criminal proceedings cannot be represented by

the parties in this matter, further warranting intervention by the District Attorney in

this action and the granting of the District Attorney's application for a stay of this

action pending disposition of Ms. Jordan's criminal proceeding.

## B.  <u>THIS COURT SHOULD GRANT A STAY OF DISCOVERY</u>

It is well established that this Court has the discretionary authority to stay a

case pending before it if the interests of justice so require.  *See United States v. Kordel*,

397 U.S. 1, 12 n. 27 (1970); *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986).

"Depending on the particular facts of the case, the court may decide to stay civil

proceedings, postpone civil discovery, or impose protective orders."  *Morris v.*

*A.F.S.C.M.E.*, *supra* at \*2, *citing SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir.)(en banc), *cert. denied*, 449 U.S. 993 (1980).

The factors to be considered in granting a stay of a civil action include: (1) the private interests of the plaintiff in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiff if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494, 1497 (S.D.N.Y. 1987).

It is evident from the Bail Motion submitted in Ms. Jordan's criminal proceeding that the same transactions and events that are the subject of this civil action are also asserted as part of the factual predicate for Ms. Jordan's novel defense to the murder charges against her. *See United States v. One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil action until disposition of the criminal matter."). The District Attorney respectfully submits that, at least until such point that the state court rules on the issue of law of whether Ms. Jordan will be allowed to present her defense of "altruistic filicide," this Court should stay discovery in this action, which involves clearly overlapping facts and transactions to those alleged as support for Ms. Jordan's novel criminal defense.

10

A stay of discovery would not prevent Ms. Jordan from pursuing her civil action against Mr. Mirra after the conclusion of the criminal proceeding.  Moreover, Ms. Jordan's claims in this case relate to financial transactions with Mr. Mirra allegedly dating back to 1997, and she seeks to void a Separation and Distribution Agreement she entered into with Mr. Mirra over four years ago.  Ms. Jordan's delay in bringing her claims previously in an expeditious manner further supports the conclusion that she would not be prejudiced by the granting of a stay of her civil action.

Finally, the interests of the District Attorney and the public interest are aligned in this case in ensuring that the criminal discovery process is not subverted, and that criminal conduct is vigorously prosecuted.  To allow Ms. Jordan to pursue discovery from Mr. Mirra and non-parties in the instant matter would allow her to circumvent the criminal discovery procedures, and pursue broader discovery through this action on the same transactions she has raised in support of her proposed defense in the criminal action.  *See Twenty First Century Corp. v. LaBianca*, 801 F.Supp. at 1010-11 ("[a]llowing civil discovery to proceed . . . may afford defendants an opportunity to gain evidence to which they are not entitled under the governing criminal discovery rules").  Such discovery would also allow a criminal defendant the opportunity to manufacture evidence or tailor testimony to conform to the District Attorney's proof.

*Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962), *cert. denied*, 371 U.S. 955 (1963).[2]  The

District Attorney has an interest in ensuring that discovery in this civil action does not

impair the orderly prosecution of the criminal charges against Ms. Jordan.  Moreover,

although Ms. Jordan would be able to use the broader discovery devices in this civil

action to pursue discovery relevant to her criminal defense if this action were not

stayed, she could thwart requests for discovery addressed to herself by assertion of

her Fifth Amendment privilege against self-incrimination.

---

[2] This rationale was explained in Judge Wisdom's decision in *Campbell v. Eastland*:

> 'Traditionally, the narrow scope of discovery in criminal litigation is justified by
> three considerations which are said to be peculiar to criminal law.  First, there
> has been a fear that broad disclosure of the essentials of the prosecution's case
> would result in perjury and manufactured evidence.  Second, it is supposed that
> revealing the identity of confidential government informants would create the
> opportunity for intimidation of prospective witnesses and would discourage the
> giving of information to the government.  Finally, it is argued that since the
> self-incrimination privilege would effectively block any attempts to discover
> from the defendant, he would retain the opportunity to surprise the
> prosecution whereas the state would be unable to obtain additional facts. This
> procedural advantage over the prosecution is thought to be undesirable in light
> of the defendant's existing advantages.  The validity of each of these objections
> must be appraised in each of the situations in which the defendant may seek
> discovery and must be weighed against the importance to the defendant of the
> disclosure.''

307 F.2d at 487, fn. 12 (*quoting* Developments in Law–Discovery, 74 Harv. L. Rev.
940, 1052 (1961)):

As recognized in *Deegan v. United States*, 517 U.S. 820, 827 (1996), federal courts have the power to manage civil litigation "to avoid interference with" criminal prosecutions. *Accord Twenty First Century Corp. v. LaBianca*, 801 F.Supp. at 1009.

For all of these considerations, the District Attorney respectfully submits that a stay of this action until the conclusion of the criminal proceeding against Ms. Jordan is warranted.

## **CONCLUSION**

For the foregoing reasons, the District Attorney respectfully requests that this Court grant its application to intervene for the limited purpose of seeking a stay of discovery in this action until the resolution of Plaintiff's criminal matter, and further that the Court order that discovery in this action be stayed.

Dated:  New York, New York
      April 23, 2012

                      S/Kerry J. O'Connell [KO0152]
                  Kerry J. O'Connell
                  Assistant District Attorney
                  Of Counsel

                  Cyrus A. Vance, Jr.
                  District Attorney New York County
                  One Hogan Place
                  New York, New York 10013
                  Email:  *oconnellk@dany.nyc.gov*
                  (212) 335-4336 (tel)
                  (212) 335-4159 (fax)