USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 17 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
GIGI JORDAN,                        :
                                    :
                  Plaintiff,        :      12 Civ. 1742 (KBF)
                                    :
        -v-                         :      ORDER
                                    :
RAYMOND A. MIRRA, JR.,              :
                                    :
                  Defendant.        :
                                    :
------------------------------------X

KATHERINE B. FORREST, District Judge:

Plaintiff Gigi Jordan filed this action against her ex-husband, defendant Raymond A. Mirra, Jr., on March 9, 2012, bringing claims for, inter alia, fraud and fraud in the inducement, breaches of various contracts, breach of fiduciary duty, and an accounting. (Dkt. No. 1.) All of plaintiff's claims are based upon numerous financial transactions in which she and defendant allegedly jointly engaged during their marriage as well as upon the alleged events subsequent to those transactions that occurred during and after their divorce.

Plaintiff is also a defendant in a criminal proceeding pending before the Honorable Charles H. Solomon, Jr. in the Supreme Court of the State of New York, County of New York. In that action, she is charged with Murder in the Second Degree under New York Penal Law § 125.25(1), for the poisoning of her eight-year old son.

On April 25, 2012, Cyrus A. Vance, Jr., District Attorney, New York County, State of New York (the "District of Attorney"), moved to intervene in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure for the limited purpose of seeking a stay of discovery (and in fact, did seek such a stay). The District Attorney moves for a stay of discovery pending disposition of the criminal matter against plaintiff Jordan. (Dkt. No. 15.) Specifically, the District Attorney argues that a stay of discovery is necessary to prevent plaintiff here from making an end run around the criminal procedure rules related to discovery. In her criminal proceedings, Jordan has advanced a novel defense--*i.e.*, filial patricide--which is premised, in substantial part, upon the same financial transactions that are at issue in the instant civil action before this Court.

It is well settled that intervention by the government is permitted for the limited purpose of seeking a stay when there is a related criminal proceeding involving overlapping questions of law or fact. See, e.g., Morris v. Am. Federation of State, Cnty. & Mun. Emps., No. 99 Civ. 5125, 2001 WL 123886, at *1 (S.D.N.Y. Feb. 9, 2011) (collecting cases); Twenty First Century Corp. v. LaBianca, 801 F.Supp. 1007, 1009 (E.D.N.Y. 1992). Thus, the Court will allow the District Attorney to intervene here and will consider the motion for a stay.

It is likewise settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); accord Louis Vuitton Malletier S.A. v. Ly USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012) (quoting Landis). The power to stay a parallel--or related--civil proceeding in favor of disposition of a criminal proceeding falls well within that power--and is well-recognized and accepted. Louis Vuitton, 676 F.3d at 97-104; see also Volmar Distribs., Inc. v. New York Post Co., Inc., 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

In considering the factors used to decide whether to grant a stay, see Louis Vuitton, 636 F.3d at 99 & 100 n.14 (recognizing the five-factor test used by courts in this District, but suggesting that courts should also consider the amount of overlap between the civil and criminal actions as a sixth factor), the Court also is informed by the delicate concerns related to balancing the discovery interests between parallel criminal and civil proceedings, Campbell v. Eastland, 307 F.2d 478 (5th 1962); accord Twenty First Century Corp., 801 F.Supp. at 1010. There are significant policy reasons underlying the narrow scope of discovery in criminal proceedings. Judge Wisdom in Campbell cautioned judges to "give

substantial weight to [the public interest in law enforcement] in balancing th[ose] polic[ies] against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities." 307 F.2d at 487.

In comparing the Complaint in this action to Jordan's Memorandum of Law in Support of Bail (and the exhibits annexed thereto) filed in the criminal proceeding, the Court finds that her theory of her novel "filial patricide" defense includes significant reliance upon the same financial transactions at issue here (see Dkt. Nos. 16-1 through 16-5). Without a stay, plaintiff may be able "to gain evidence to which [she is] not entitled under the governing criminal discovery rules" given that certain critical "issues in the civil and criminal proceedings overlap extensively." Twenty First Century Corp., 801 F.Supp. at 1010.

Any purported prejudice to plaintiff in the face of such a stay (see Pl.'s Mem. in Opp'n to Application to Intervene and For a Stay of Discovery (Dkt. No. 18) at 9-10) (of which the Court finds there is little) is far outweighed by the detriment to the public if the Court allowed an end run around the narrow discovery rules of criminal procedure. Accordingly, it is hereby

ORDERED that the instant action is STAYED pending further order of the Court.

IT IS FURTHER ORDERED that the District Attorney is directed to provide status updates regarding the status and progress of the criminal proceedings against Jordan in New York State Court every 90 days. The updates should be submitted via letter to the Court, with copies provided to the parties in this action.

The Clerk of the Court is directed to place this action on the suspense docket.

The Clerk of the Court is further directed to terminate the motions at Docket Nos. 15 and 22.[1]

SO ORDERED:

Dated:   New York, New York
         May 17, 2011

_____
KATHERINE B. FORREST
United States District Judge

---

[1] The Court's decision did not rest in any way on anything represented by the District Attorney regarding the delay in the criminal proceedings. Accordingly, plaintiff's request to strike the representations regarding that delay in the District Attorney's reply is denied as moot.