**DISTRICT ATTORNEY**
OF THE
COUNTY OF NEW YORK
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000

**CYRUS R. VANCE, JR.**
DISTRICT ATTORNEY



RECEIVED
OCT 02 2012
KATHERINE B. FORREST
U.S. DISTRICT JUDGE
S.D.N.Y.

September 27, 2012

BY USPS

Hon. Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: OCT 03 2012

Gigi Jordan v. Raymond Mirra, Jr.
12-CV-1742 (KBF)

Dear Judge Forrest:

    I am in receipt of letters dated September 6, 2012 and September 5, 2012, from Messrs. Sweder and Kuby, addressed to this Court regarding the update you ordered in the criminal proceedings from me. The New York County District Attorney's Office disputes each characterization of the events Mr. Kuby describes in his unsolicited letter. Unless the Court wishes a response to address his statements, I will not comment further and will continue to provide 90 day updates which describe the proceedings without assigning blame for any adjournment. We did have a court appearance on September 7th and 21st, and I have attached the orders that were filed by Justice Charles H. Solomon on September 7th.

Sincerely,

Kerry J. O'Connell
Assistant District Attorney
(212) 335-4336

cc: BY USPS
    Kenneth A. Sweder, Esq.
    Joseph P. Moodhe, Esq.
    Nathan Z. Dershowitz, Esq.
    Amy Adelson, Esq.
    Ronald L. Kuby, Esq.
    Stephen G. Murphy, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 82
------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK,           :    **DECISION AND ORDER**
                                                :    INDICTMENT 621-10
          -against-                             :
                                                :
GIGI JORDAN,                    DEFENDANT       :
------------------------------------------------------------------x

CHARLES H. SOLOMON, J.:

       In a motion filed on June 13, 2012, the People seek an order directing that saliva and buccal cell samples be taken from defendant pursuant to CPL 240.40(2). Defendant opposes the People's application in a response filed July 20, 2012. Based upon a review of the papers submitted, the People's application is granted.

       The People are permitted under CPL 240.40(2)(b)(v), to seek samples of defendant's saliva and buccal cells provided they make the requisite showing as set forth by the Court of Appeals in Matter of Abe A., 56 NY2d 288 (1982). There, the court held that before such an order will be issued the People must establish "(1) probable cause to believe the suspect has committed the crime, (2) a 'clear indication' that relevant material evidence will be found, and (3) the method used to secure it is safe and reliable." *Id*, at 291. In addition, the court "must weigh the seriousness of the crime, the importance of the evidence to the investigation and the unavailability of less intrusive means of obtaining it" against an individual's right to be free from bodily intrusion. *Id; see also*, Matter of Marino v. Kahn, 49 AD3d 741 (2$^d$ Dept 2008), *appeal dismissed* 10 NY3d 927 (2008). In this case, the People have satisfied their burden.

       As evidenced by the indictment itself, there is probable cause to believe that defendant committed the crime of Murder in the Second Degree. Additionally, there is a clear indication that analysis of defendant's saliva and buccal cell samples will yield relevant material evidence. The items to be tested, which are referenced in the People's application, were recovered from the crime scene, specifically the Peninsula Hotel room where the deceased's body was recovered. Further, there was a "Female Donor A" DNA profile recovered from these items with which a comparison can be made. Finally, the method of obtaining the saliva and buccal cell samples involves a minimal intrusion that is safe and reliable. Considered in light of the factors set forth in Matter of Abe A., the People's application is granted and the Court will sign the proposed order allowing the People to obtain a sample of defendant's saliva and buccal cells for analysis and comparison.

       This opinion constitutes the decision and order of the Court.

Dated: September 7, 2012
       New York, New York

                                                                            _____
                                                                        CHARLES H. SOLOMON, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 82
-------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK,  :  **DECISION AND ORDER**
                                       :  INDICTMENT 621-10
       -against-                       :
                                       :
GIGI JORDAN,              DEFENDANT    :
-------------------------------------------------------------------x
CHARLES H. SOLOMON, J.:

In a motion filed June 25, 2012, defendant has moved to suppress data obtained from the various electronic devices enumerated in her motion. The devices were seized pursuant to search warrants issued in February and March of 2010. Defendant's main argument is that the devices were not accessed in a timely fashion, specifically within the ten day period set forth in CPL 690.30(1) for the execution of search warrants. Additionally, defendant argues that some of the search warrant affidavits contain materially false statements and omissions thereby rendering the warrants invalid. Finally, defendant argues that one of the warrants was unlawfully issued because it was based upon information improperly acquired during an unauthorized entry into defendant's residence. The People oppose defendant's motion in a response filed July 20, 2012 to which defendant replied on August 2, 2012.

As stated above, all of the search warrants in question were issued in February or March of 2010. No protective order was sought by the People concerning any of the warrants and the defense has received copies of the warrants themselves as well as the supporting affidavits. According to the defense papers, the devices in question were mirrored and provided to counsel in July of 2011, and the District Attorney's office accessed the devices in September of 2011. The instant motion was filed June 25, 2012.

CPL 255.20(1) sets forth the procedure by which pre-trial motions are to be filed and states, "all pre-trial motions shall be served or filed within forty-five days after arraignment."

Under CPL 710.40(1), a motion to suppress evidence "must be made within the period provided in subdivision one of section 255.20." The motion before the Court is clearly untimely. Defendant was indicted on February 8, 2010 and pleaded not guilty on February 16, 2010. At that time defendant was represented by different counsel and was subsequently represented by other attorneys. None of defendant's prior counsel ever submitted motions relating to the search warrants. Mr. Kuby formally entered his appearance on April 8, 2011. Mr. Dershowitz was admitted into the case *pro hac vice* on May 31, 2011. Mr. Murphy entered his appearance on April 13, 2012. Even if the Court were to use present counsels' entry into the case as the operative date, the instant motion is untimely. Nor is there good cause for the lengthy delay in bringing this motion. The issues now being raised could have been raised at least one year ago. Defendant's motion is being made well past the statutory period within which pretrial suppression motions are required to be made and the motion is therefore denied. *See,* CPL 255.20(3); People v. Dean, 74 NY2d 643 (1989); People v. Marengo, 287 AD2d 279 (1st Dept 2001), *lv denied* 97 NY2d 684 (2001); People v. Bonilla, 95 AD3d 898 (2d Dept 2012).

This opinion constitutes the decision and order of the Court.

Dated: September 7, 2012
New York, New York

_____
CHARLES H. SOLOMON, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 82
------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK,   :   **DECISION AND ORDER**
                                       :   INDICTMENT 621-10
     -against-                         :
                                       :
GIGI JORDAN,            DEFENDANT      :
------------------------------------------------------------------x

CHARLES H. SOLOMON, J.:

In a decision filed on June 29, 2012, the Court ordered the inspection and testing by the defense of the electronic devices seized pursuant to the search warrants executed in this case. In that decision, the Court endorsed a procedure suggested by the defense in their June 26, 2012 letter to the Court. Specifically, the People were "directed to have their expert mirror an image of the original device in the presence of the defense expert." That mirrored image was then to be turned over to the defense expert for forensic testing.

Pursuant to the Court's ruling, a meeting was scheduled by the parties on July 17, 2012 at the District Attorney's office to conduct the inspection and testing. At that meeting, the defense experts expressed their intention to videotape the inspection and testing. The People objected to any audio/visual recording by the defense. With the parties at an impasse, the meeting was concluded without the necessary inspection and testing being conducted. The issue was formally raised with the Court in a letter by the People filed that same day, July 17, 2012, to which defense counsel replied on July 20, 2012. Additionally, the issue was brought up in court in connection with a scheduled appearance on July 20, 2012. After hearing further argument on the issue, the Court directed the parties to submit their respective positions on this issue in writing on August 2, 2012. Defense counsel set forth the defense position in a letter filed on August 2, 2012. The People set forth their position in a letter dated August 6, 2012, to which defense counsel responded in a letter filed August 9, 2012.