# Allan Laurence Brenner
### Attorney-at-Law

---

536 West Penn Street - 2nd floor • Long Beach  New York 11561 • (516) 897-6145 • (866) 465-7230 (fax)
E-Mail: brenner.allan@yahoo.com   •   24 hour number: (516) 220-0856

---

November 18, 2013

Hon. Katherine B. Forrest
United States District Court for the
 Southern District of New York
500 Pearl Street
New York, New York 10007

                Re:      **Jordan v. Mirra**
                          **2:12-cv-01742-KBF**

                          **Mirra v. Jordan**
                          **1:13-cv-05519-AT**

Dear Judge Forrest:

      We are writing with regard to the issue of the relatedness of the above-entitled case to the matter of *Raymond A. Mirra, Jr. v. Gigi Jordan*, presently pending before Judge Torres.

      As the Court is aware, the instant lawsuit involves extensive and serious allegations against Mr. Mirra of fraud, theft, forgery, conversion, conspiracy, breach of fiduciary duty and other financial misconduct.  Seemingly because of Mr. Mirra's role as a potential witness in the criminal trial of *People v. Gigi Jordan*, the office of the New York County District Attorney intervened in this matter.  Concerned that the limited scope of their discovery obligations would be compromised, the New York District Attorney sought, and was granted, a stay of the proceedings.  The discovery contemplated by the application included *inter alia* the deposition of Mr. Mirra, his employees and agents, and financial records upon which Ms. Jordan's claims are predicated.

      In August 2013, this Court's stay notwithstanding, Mr. Mirra commenced an action sounding largely in defamation against Ms. Jordan.  The allegations in Mr. Mirra's complaint include charges that Ms. Jordan made slanderous statements regarding Mr. Mirra in an interview with a New York Daily News reporter.  Among the statements of which Mirra complains are:

> "He was indifferent to Jude. I soon realized he'd only adopted him so that he could put certain trusts in the boy's name to shield himself."

> "Ray was looting me, forging millions in bank transfers and withdrawals from my banks."

Hon. Katherine B. Forrest
November 18, 2013

*- page 2 -*

---

> "[Mr. Mirra was] secretly involved in a massive black market racket for HIV and hemophiliac prescription drugs through his company ... Allion Healthcare."
>
> "That $274 million involving Allion is just the tip of the iceberg."
>
> "The black market hemophilia drug operation Ray's involved in brings in billions a year."

All of these statements deal either directly or laterally with the allegations of fraud, theft, conversion, forgery, breach of fiduciary duty and other financial wrongdoing contained in Ms. Jordan's complaint.  Indeed, in order to prevail on her fraud complaint, Ms. Jordan will have to prove the truth of the statements attributed to her in the defamation action.  Conversely, in order to prevail on his defamation claims, Mr. Mirra will have to produce evidence that would be defensive to the allegations in the instant complaint.[1]

For those reasons, and pursuant to Local Rule 13(d), we submit that the case of *Mirra v. Jordan* is related to the case pending before this Court.  Local Rule 13(a) sets forth, *inter alia*:

> In determining relatedness, a judge will consider whether (i) a substantial saving of judicial resources would result; or (ii) ***the just efficient and economical conduct of the litigations would be advanced***; or (iii) the convenience of the parties or witnesses would be served.  Without intending to limit the criteria considered in determining relatedness, ***a congruence of parties or witnesses*** or the likelihood of a consolidated or joint trial or joint pre-trial discovery may be deemed relevant.

(Emphasis added)

At a Rule 16 conference before Judge Torres, we informally raised the issue of the relatedness of the two matters, particularly within the context of the suspended state of the lawsuit pending before this Court.  Judge Torres did not feel there was sufficient overlap between the cases, despite the identity of the parties, and the conceded similarity of financial discovery across the two actions.  There are also principles of collateral estoppel and res judicata which resonate across the landscape of the two civil cases.  The present conflicting posture of the cases has resulted in the following paradox:  Mr. Mirra's deposition about his financial dealings,

and his personal and professional history, which this Court legally forestalled, will now proceed unimpeded.   If the Court does not lift its stay,[2] the parties face the prospect of repeating discovery, which is clearly duplicative, undermining any principle of "the just and economical conduct of the

---

[1] There is, of course, obvious significance to the fact that Mr. Mirra ultimately joined the New York District Attorney's Office in the application to stay the proceedings.
[2]  We have just filed a Motion to Vacate the Stay, which incorporates some of what we have set forth above.

*Hon. Katherine B. Forrest*
*November 18, 2013*

*- page 3 -*

---

litigation . . ."[3]

      Lest there be any confusion, Ms. Jordan would like both cases to proceed forward, likely as one consolidated matter. Although the local rules direct that related cases should be the province of the judge before whom the older case is pending, we are not attempting to usurp the judicial prerogative of either court.

      There is some urgency to this matter. We have this week learned that one of the attorneys representing Mirra in his defamation action, "noticed" on the CM/ECF distribution list, is Claudia Bogdanos, Esq., an intellectual property specialist, and the wife of Matthew Bogdanos, who is the lead prosecutor in Ms. Jordan's criminal case. This point bears emphasis: Raymond Mirra, a material witness in the criminal case against Ms. Jordan, and her principal antagonist in two civil actions, appears to be represented in name by the wife of the man charged with convicting Ms. Jordan. The Bogdanos family, it seems, receives funds from both Mirra and the People of the State of New York for the purposes of discrediting Ms. Jordan, vindicating Mirra's financial misconduct, incarcerating the former while enriching the latter.[4]

      On November 19, 2013, the defense will file a motion, by show cause order, to disqualify ADA Bogdanos from further proceedings in *People v. Jordan*, and we are preparing a similar motion to disqualify Ms. Bogdanos and her firm, Quinn Emanual Urquart & Sullivan LLP, from proceeding in the defamation case before Judge Torres.

      Since there are time constraints for both the motion to disqualify and the relatedness claim, we are promptly notifying the Court so that these issues may be resolved in an economical and expeditious manner.

      Respectfully submitted,

      *Allan L. Brenner*

      Allan L. Brenner

---

[3] Immediately prior to the filing of this letter-notice, we received an ECF bounce that the office of the District Attorney for New York County had filed an intervenor motion for a stay of Mirra v. Jordan. The articulated reasons are identical to those espoused by that office in their stay application in Jordan v. Mirra. We submit that this application, viewed in conjunction with our motion to vacate the stay before this Court, accentuates the legal relatedness of the two matters. In essence, our motion to vacate the stay, and the new accentuates the relatedness of the two cases. We believe that our motion to vacate the stay and the intervenor motion, are governed by the same set of operative facts, and will be resolved by one uniform legal standard.

[4] Moreover, the appearance of impropriety is in no way diminished by the diametrically opposed positions taken by the District Attorney's Office regarding the two overlapping cases. A successful motion to stay was brought by A.D.A. Bogdanos' office in the instant case under the guise that deposition testimony and documents furnished by Mirra would unfairly afford an advantage to Ms. Jordan in the criminal case against her. But in the lawsuit filed by Mirra, initiated by his wife and her firm, A.D.A. Bogdanos has eschewed a motion to stay, allowing nearly identical discovery to proceed.

*Hon. Katherine B. Forrest*
*November 18, 2013*

*- page 4 -*

cc: Honorable Annalise Torres
    Robert L. Raskopf
    Joseph P. Moodhe