# United States District Court

## Southern District of New York

_____   12 Civ. 1742 (KBF)

**GIGI JORDAN**

Plaintiff,

_- against -_

**RAYMOND A. MIRRA, JR.,**

Defendant.

## MEMORANDUM OF LAW
### IN OPPOSITION OF MOTION TO
### LIFT STAY

CYRUS R. VANCE, JR.
District Attorney
New York County
Attorney for Respondent
One Hogan Place
New York, New York 10013
(212) 335-9000


Christina Ante (CA1227)
Assistant District Attorney
Of Counsel
Email: antec@dany.nyc.gov
(212)335-9149 (tel)
(212)335-4390 (fax)

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES…………………………………………………………………3

PRELIMINARY STATEMENT…………………………………………………………..4

BACKGROUND…………………………………………………………......4

ARGUMENT…………………………………………………………...7

CONCLUSION…………………………………………………. 16

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

Arden Way Assocs. v. Boesky,
  660 F. Supp. 1494 (S.D.N.Y. 1987) ................................................................8

Campbell v. Eastland,
  307 F.2d 478 (5th Cir. 1962) ...........................................................................10

City of New York v. Gutlove&Shirvint, Inc.,
  2008 U.S. Dist. LEXIS 91016 (E.D.N.Y. 2008) .............................................14

Deegan v. United States,
  517 U.S. 820 (1996) ..........................................................................................11

Louis Vuitton Malletier S.A. v. Ly USA, Inc.,
  676 F.3d 83 ..........................................................................................................8

Morris v. A.F.S.C.M.E.
  2001 WL 123886 (S.D.N.Y. Feb. 9, 2001)......................................................15

Trustees of the Plumbers and Pipefitter National Pension Fund v. Transworld
  Mechanical,
  886 F.Supp. 1134 (S.D.N.Y. 1995) ................................................................14

Twenty First Century Corp. v. LaBianca,
  801 F.Supp. ........................................................................................................11

## STATUTES

CPL 250.10 ................................................................................................................11

New York Penal Law §125.25(1) .............................................................................4

## OTHER AUTHORITIES

Federal Rules of Civil Procedure 24(a) ...................................................................5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GIGI JORDAN,

                              Plaintiff,          12 Civ. 1742 (KBF)

              -against-

RAYMOND A. MIRRA, JR.,

                              Defendant.

MEMORANDUM OF LAW IN OPPOSITION TO
MOTION TO LIFT STAY OF PROCEEDINGS

PRELIMINARY STATEMENT

The New York County District Attorney's Office ("DANY") respectfully submits this Memorandum in opposition of Plaintiff Gigi Jordan's ("Jordan"), motion to lift the stay of discovery proceedings.  For the reasons set forth below, the District Attorney respectfully requests that the Court deny Plaintiff's motion, and continue to stay further discovery proceedings in this action.

**BACKGROUND**

Plaintiff Gigi Jordan currently stands indicted in New York State Supreme Court, Criminal Term, for the crime of Murder in the Second Degree, under New York Penal Law §125.25(1), for the poisoning to death of her eight-year-old son, Jude Mirra, at the Peninsula Hotel on or about February 5, 2010. The criminal

4

proceedings against Jordan are pending before the Honorable Charles H. Solomon, Jr., in the Supreme Court of the State of New York, County of New York, Part 82, with the next appearance scheduled for December 6, 2013.

On or about March 9, 2012, Jordan filed the current civil Complaint against Defendant Raymond A. Mirra, Jr. ("Mirra") bringing claims sounding in fraud, fraud in the inducement, breach of contract and breach of fiduciary duty. On April 25, 2012, the District Attorney moved to intervene in this action, pursuant to the Federal Rules of Civil Procedure 24(a) and/or 24(b), for the sole purpose of seeking a stay of discovery pending disposition of Jordan's criminal prosecution.

On May 17, 2012, this Court ordered a stay, finding that Jordan's "novel" altruistic filicide defense to the pending murder charge includes "significant reliance upon the same financial transactions at issue here" and that discovery would be a "detriment to the public if the Court allowed an end run around the narrow discovery rules of criminal procedure." This Court further found that "any purported prejudice to plaintiff in the face" of the stay "is little." Your Honor also directed DANY to provide status updates every ninety days regarding the "status and progress" of the criminal proceedings against Jordan which DANY has been doing.

On August 7, 2013, Plaintiff Mirra filed a civil Complaint against Jordan, who is Mirra's former business partner and ex-wife. Exhibit 1: Complaint Mirra v. Jordan, 13 Civ. 5519. That complaint is currently pending before District Judge Analisa Torres. There, Plaintiff Mirra asserts a number of claims against Jordan

including slander, false light invasion of privacy and intrusion upon seclusion. These claims stem from an August 2012 interview of Jordan with the reporter Denis Hamil of the New York Daily News. In that interview, Jordan reiterated many accusations against Mirra that she has alleged in support of her "novel" altruistic filicide defense on the pending murder prosecution.

On or about October 25, 2013, one of Jordan's attorneys, Allan Brenner agreed to accept service of the complaint on her behalf. On November 8, 2013, Jordan moved this Court to lift a stay of the discovery proceedings. Even though this Court ruled that the District Attorney's Office can intervene in the civil action, Jordan never served DANY with her motion seeking to lift the stay order. However, on or about November 8, 2013, one of Mirra's attorneys did provide DANY with a copy of Jordan's motion.

In addition, on or about November 1, 2013, DANY received a copy of Mirra's complaint, Mirra v. Jordan 13 Civ. 5519, and on November 18, 2013, promptly filed a motion to intervene and seek a stay in the discovery proceedings before District Judge Analisa Torres. Exhibit 2: District Attorney's Motion to Intervene and to Stay Discovery. The Court's decision on that application is pending.

The next day, November 19, 2013, even though Judge Torres had previously assessed that there was not "sufficient overlap between" 12 Civ. 1742 and 13 Civ. 5519, (See Jordan's letter dated November 18, 2013 at page 2), Jordan again raised

the same related claim before Your Honor and further sought a lifting of the stay order.

## ARGUMENT

Currently, there is a stay of discovery in the civil action, ordered by this Court. Jordan argues that there are two changed circumstances requiring the stay to be lifted. First, she claims that "[t]he undisputed cause" of her murder trial not starting "within a reasonable period of time" is the "dilatory tactics" of the intervenor, the New York County District Attorney's Office (Motion to Lift Stay, page 1). Second, Jordan asserts that even though Mirra's civil action "was filed" on August 7, 2013, DANY "has not moved to stay that action." Jordan argues that since DANY did not move for a stay in discovery, Mirra is able to use that order "as a shield to protect him from answering Jordan's claims" while at the same time "using the processes of this Court as a sword" to sue Jordan for defamation (Motion to Lift Stay, page 2). Jordan goes even further to allege that DANY's nefarious motive in not moving for a stay is that the lead prosecutor's (Matthew Bogdanos) wife practices law in the same firm that represents Mirra in the defamation suit and so "[t]he Bogdanos family . . . receives funds from both Mirra and the People of the State of New York" (Jordan's Letter dated November 18, 2013 at page 3). Not only are Jordan's arguments factually wrong, they are also

legally baseless.  As there are no changed circumstances to warrant this Court from lifting the stay of discovery proceedings, this Court's order should remain in effect.

It is well established that the factors to be considered in granting a stay of a civil action include:   (1) the private interests of the plaintiff in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiff if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  See Arden Way Assocs. v. Boesky, 660 F. Supp. 1494, 1497 (S.D.N.Y. 1987).  An additional factor to be considered is the amount of overlap between the civil and criminal actions.  See Louis Vuitton Malletier S.A. v. Ly USA, Inc., 676 F.3d 83 at 99, 100 n. 14).

Of course, the significant overlap between the civil and criminal actions still remains.  Even Jordan concedes as much in the comparing of the claims in her civil action against Mirra (12 Civ. 1742) and Mirra's action against her (13 Civ. 5519): "The issues raised by Jordan in her civil action, and by Mirra in his civil action, not only overlap, they are coterminous" (Motion to Lift Stay, page 2).  Indeed, the civil actions initiated by and against Jordan revolve around Jordan's "novel" altruistic filicide defense to the murder of her eight year old son and, clearly that "novel" defense "includes significant reliance upon the same financial transactions at issue" in Jordan's action against Mirra. (Order dated May 17, 2012).  Thus, as this Court

ruled, the "detriment to the public" by allowing Jordan "an end round the narrow discovery rules of criminal procedure" still remains.  (Order dated May 17, 2012).

Furthermore, it still remains that DANY will necessarily conduct additional interviews of Mirra in the anticipation of calling him as a witness during the criminal trial.  Should the stay be lifted, there is little doubt that Jordan will depose Mirra on conversations had with members of the prosecution. Jordan should not be permitted to use the broad civil discovery rules and procedures, including depositions, available in this civil action to procure information that would not be available to her in her criminal case.  To allow Jordan the use of such discovery mechanisms would allow her to tailor testimony and defenses to conform to the District Attorney's proof.

Indeed, should the stay be lifted, Jordan would reap a windfall of discovery in both civil actions to the detriment of the public interest in preventing the subversion of the criminal discovery process and the criminal trial itself.  In both civil actions, as a plaintiff and as a defendant, Jordan can assert the privilege against self-incrimination.  Thus Jordan would be able to depose all of the potential witnesses that DANY seeks to call as witnesses in the murder prosecution, including Mirra, yet refuse to answer relevant questions at her own deposition under the privilege against self-incrimination.  Thus, not only would Mirra, as a civil Plaintiff and Defendant, be thwarted from gathering relevant discovery, but DANY would also be deprived of obtaining any discovery from Jordan through a

deposition.  Clearly, such a result would be a detriment to the public interest and remains a compelling reason to continue the stay of the civil action.  See Campbell v. Eastland, 307 F.2d 478, 487, fn. 12 (5th Cir. 1962)( "since the self-incrimination privilege would effectively block any attempts to discover from  the  defendant, he  would  retain  the  opportunity  to  surprise  the prosecution whereas the state would be unable to obtain additional facts. This procedural advantage over the prosecution  is  thought  to  be  undesirable  in  light  of  the  defendant's  existing advantages.")

There has been no change in circumstances warranting a lifting of this Court's stay.  As such, Jordan now manufactures a crisis to argue the existences of changed circumstances.  In alleging that "[t]he undisputed cause of the *sine die* adjournment of the September 16, 2013 trial date was the dilatory tactics of intervenor DANY" Jordan relies upon New York County Supreme Court Justice Charles Solomon's decision denying Jordan's third bail application (Motion for Lifting Stay, page 1, 9, 20), and misrepresents the findings of that court.  Defendant's claim of dilatory tactics not only lacks a factual basis, but further underscores the necessity of the stay until the conclusion of the criminal matter.

DANY was not "exclusively responsible" for the delay in the September 16th, 2013 trial date due to the "wrongful withholding of taped evidence" (Motion for Lifting Stay, page 20).  In fact, in ruling on Jordan's third bail application, Justice Solomon made it clear that "[t]he cause of the delay in bringing this case to trial

does not rest exclusively with the People nor with the defense.  Both sides are responsible, to some degree for the delay." (Exhibit 3: Justice Solomon's decision denying Jordan's bail application, page 2).  Indeed, the court took specific note of the fact that Jordan "has had no less than five different lead counsel since the inception of the case," with the current lead attorney joining the defense team in April of 2013, who "almost immediately thereafter . . .sought a postponement of the September 16, 2013 trial date," in addition, as the court noted, the defense delayed with its "filing of CPL 250.10 notice as each lead counsel has considered and reconsidered this issue, resulting in the filing, withdrawing and re-filing of the notice," and further, that there has been an "extraordinary amount of motion practice on the part of the defense" including "a considerable amount of litigation over [Jordan's] recorded telephone conversations which the People have subpoenaed." Exhibit 3 at page 2.  Clearly, each of these tactics by Jordan's criminal defense team has contributed to the delay in moving the case to trial.

Not only is Jordan's claim that the District Attorney's Office is "exclusively responsible" for the delay factually baseless, but the claim further underscores the necessity of maintaining the stay. As recognized in Deegan v. United States, 517 U.S. 820, 827 (1996), federal courts have the power to manage civil litigation "to avoid interference with" criminal prosecutions. Accord Twenty First Century Corp. v. LaBianca, 801 F.Supp. at 1009. Here, Jordan's most recent motion seemingly seeks to use this Court to re-litigate Justice Solomon's unfavorable ruling.  By arguing that

Your Honor should determine that DANY is "exclusively responsible" for the delay in the criminal prosecution, in direct conflict with the trial court's findings, Jordan asserts that the stay should be lifted.  Furthermore, should Your Honor so rule, DANY anticipates Jordan will then file a a fourth bail application before Justice Solomon, arguing that this Court found wrongdoing on the part of the prosecution. Jordan should not be permitted to so manipulate the judiciary.

Jordan further argues that the discovery stay should be lifted due to DANY's "connivance" with Mirra (Motion to Lift Stay, page 17), since DANY had not, as of Jordan's filing, sought a stay in Mirra's civil action. Jordan is once again factually inaccurate.

Jordan claims that Mirra's "civil action was filed on August 7, 2013, and intervenor DANY had not moved to stay that action." (Motion to Lift Stay, page 2). However, what Jordan omits to tell this Court, is that while the civil action was filed on August 7, 2013, service was not perfected until on or about October 25, 2013 when her attorney accepted service on her behalf.  And, of course, as a non-party to this action, DANY was not served with the complaint.  Indeed, it was not until November 1, 2013, that DANY received a copy of the Mirra complaint. Thereafter, DANY promptly filed its motion to intervene and seek a stay on November 18, 2013. Exhibit 2.

Of note, Jordan, if truly prejudiced, fails to allege why she has not sought a stay in discovery on the Mirra complaint. Rather, she seeks to malign DANY with

fabricated claims of "connivance" with Mirra.  The fact of the matter remains that service on Jordan was neither perfected until October 25, 2013 nor was notice to DANY given until November 1, 2013, months after the filing.

Regardless of the factual misrepresentations by Jordan, her argument is entirely moot since DANY promptly moved to intervene and sought, in any event, a stay in the discovery of 13 Civ. 5519, Mirra's civil action. Exhibit 2.  What is more, on November 19, 2013, Jordan filed an intentionally misleading letter with this Court, stating that DANY never moved for a stay in Mirra's civil action. (Jordan's Letter dated November 18, 2013, fn. 4). Jordan knew before filing the letter on November 19, 2013, with this Court, that DANY had moved to intervene and stay discovery in the Mirra civil action, having received an "ECF bounce."  Jordan even conceded that the "articulated reasons" of DANY's motion to intervene and stay discovery "are identical to those exposed by that office in their stay application in Jordan v. Mirra" (Jordan's Letter dated November 18, 2013, fn. 3).   Jordan, or her counsel, nevertheless, filed a factually incorrect letter with this Court. Furthermore, the undersigned has been informed by Robert Raskopf, Mirra's attorney, that Mirra does not oppose a stay of discovery in his civil action (13 Civ. 5519).  Similarly, Joseph Moodhe, counsel for Mirra under 12 Civ. 1742, is also aware of Raskopf's consent to stay the discovery. Exhibit 4:  Attorney Moodhe's letter dated November 21, 2013. Thus Jordan's second reason for lifting the stay is baseless.

As with Jordan's claim that DANY is exclusively responsible for the delay, her claim that DANY is in "connivance" with Mirra, is yet another attempt by Jordan to abuse the federal court process so as to interfere with her prosecution for murder. Jordan falsely claims that DANY "eschewed a motion to stay" to financially benefit the lead prosecutor because Mirra "appears to be represented in name by the wife" of the lead prosecutor. (Jordan's Letter dated November 18, 2013, page 3 fn. 4). On November 19, 2013, Jordan made this same claim in a filing before Judge Solomon seeking to disqualify the lead prosecutor in the criminal proceeding (Jordan's Letter dated November 18, page 3). DANY has already filed their reply with the trial court, wherein there is an attached sworn affidavit under penalty of perjury, that the prosecutor's wife was never assigned to or staffed on Mirra's civil action. Exhibit 5: DANY's letter dated November 18, 2013. Solomon has not yet had the opportunity to rule upon Jordan's application. Nevertheless, it is clear Jordan is yet again attempting to use this Court by seeking its ruling upon this new claim under the mask of a motion to lift the stay, so as to usurp Judge Solomon's authority on the criminal matter, thereby interfering with that pending prosecution.

Finally, Jordan argues that the seventeen month stay in discovery "is without precedent," (Motion to Lift Stay, pages 18- 19). Jordan's reliance on the cited cases, such as <u>City of New York</u> v. <u>Gutlove & Shirvint, Inc.</u>, 2008 U.S. Dist. LEXIS 91016 (E.D.N.Y. 2008) and <u>Trustees of the Plumbers and Pipefitter National Pension Fund</u> v. <u>Transworld Mechanical</u>, 886 F.Supp. 1134 (S.D.N.Y.

1995), is misplaced.  Unlike here, the criminal prosecutions that underlie the civil actions were subject to statutory speedy trial requirements.  As a result, the stays in the civil actions were for relatively short periods of time because the criminal proceedings had to commence in a limited time period.  Here, as Jordan must concede, she is being prosecuted for Murder in the Second Degree, which under New York law, is not subject to the same statutory speedy trial limits as other felonies.  Indeed, applying Jordan's logic, no criminal proceeding involving murder charges would ever merit the granting of a stay in discovery proceedings in a concurrent civil action.  But, of course, such an argument is illogical.  Simply put, there are no set time limits to the length of a stay; rather, it is the court's discretion, "[d]epending on the particular facts of the case . . . to stay civil proceedings, postpone civil discovery, or impose protective orders." Morris v. A.F.S.C.M.E., 2001 WL 123886 (S.D.N.Y., Feb. 9, 2001) at *2, citing SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1375 (D.C. Cir.)(en banc), cert. denied, 449 U.S. 993 (1980).  Here, this Court has exercised its discretion by granting the stay and ordering a periodic ninety day review regarding the status and progress of the criminal proceedings. Jordan has failed to show how there are changed circumstances meriting the lifting of that stay.

15

## CONCLUSION

In sum, the District Attorney's Office respectfully requests that this Court continue the stay of discovery until the resolution of Jordan's criminal prosecution for the crime of Murder in the Second Degree. The stay of this action continues to be warranted and appropriate, so as to allow for the fair and proper process of the criminal proceeding.

Dated:  New York, New York
November 26, 2013

                                   S/Christina Ante [CA1227]
                                   Christina Ante
                                   Assistant District Attorney
                                   Of Counsel

                                   Cyrus A. Vance, Jr.
                                   District Attorney New York County
                                   One Hogan Place
                                   New York, New York 10013
                                   Email:  antec@dany.nyc.gov
                                   (212) 335-9149 (tel)
                                   (212) 335-4390 (fax)