SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 82
---------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK,   :   **DECISION AND ORDER**
                                       :   INDICTMENT 621-10
       -against-                       :
                                       :
GIGI JORDAN,              DEFENDANT    :
---------------------------------------------------------------x

CHARLES H. SOLOMON, J.:

In a motion filed July 1, 2013, defendant renews her request to be released on bail. This motion represents defendant's third such application. In two prior decisions, the first filed April 23, 2010 and the second filed August 11, 2011, defendant's previous applications were denied. The Court's August 11, 2011 decision was affirmed by the Appellate Division. *See*, People ex rel Kuby v. Merritt, 96 AD3d 607 (1st Dept 2012), *lv denied* 19 NY3d 813. The People filed a response in opposition to the defendant's instant motion on July 23, 2013.

Defendant now contends that because of her lengthy pretrial detention, her right to due process guaranteed by the Fourteenth Amendment has been violated and she is entitled to be released on bail. Defendant relies primarily on United States v. Gonzalez Claudio, 806 F3d 334 (2d Cir 1986), and a line of Second Circuit decisions dealing with the issue of release on bail as a consequence of extended pretrial detention.

Defendant claims that the People are responsible for thirty-four months of delay, which they identify in three discrete periods. Defendant first points to an almost two year delay that she contends it took the People to provide her with discovery retrieved from her electronic devices. Next, a three month period in which defendant claims the People obstructed her right to inspect these electronic devices. Finally, a seven month period related to the December, 2012 subpoenas issued by the People to the Department of Correction for defendant's recorded telephone conversations. Relying on federal constitutional law, defendant's argument is that this

extensive delay, caused predominately by the People, coupled with the fact that she does not pose a flight risk, requires this Court to set bail. The People oppose defendant's application and point to numerous periods of delay caused by the defense, including the repeated change of lead counsel, the filing, withdrawing and re-filing of CPL 250.10 notice, and extensive litigation initiated by the defense relating to numerous other issues.

It is undisputed that defendant has suffered an extensive period of pretrial incarceration in this case. The cause of the delay in bringing this case to trial does not rest exclusively with the People nor with the defense. Both sides are responsible, to some degree, for the delay. For example, the defense has had no less than five different lead counsel since the inception of the case. Parenthetically, it should be noted that when current lead counsel entered the case in April of this year, almost immediately thereafter he sought a postponement of the September 16, 2013 trial date, primarily because of the extensive amount of work that had to be done to prepare for trial. Additionally, there has been delay over the filing of CPL 250.10 notice as each lead counsel has considered and reconsidered this issue, resulting in the filing, withdrawing and re-filing of the notice. The Court also notes the extraordinary amount of motion practice on the part of the defense. Significantly, there has been a considerable amount of litigation over the defendant's recorded telephone conversations which the People have subpoenaed.

The People have also contributed to the delay. For example, they were dilatory in complying with discovery requirements involving electronic devices in their possession. In addition, the subpoenas they issued in December of 2012 to the Department of Correction were not made know to defense counsel until several months later. Because of that, defense counsel have been delayed in their review of the thousands of phone conversations the People have in

2

their possession, which the defense should have been given much earlier.

Without apportioning the blame, the fact that this case has not proceeded to trial, unfortunate as that may be, is not attributable solely to the defense, nor solely to the prosecution. The Court has calendared this case on an almost weekly basis since the beginning of the year in an effort to resolve the legal issues and move this case to trial. Since March, 2010, defendant has been produced before me on over sixty different dates. During that time, the Court has issued approximately seventeen written decisions on legal issues raised by the defense. Presently pending before the Court is a motion to dismiss the indictment for prosecutorial misconduct filed by the defense on April 29, 2013 and responded to by the prosecution on June 21, 2013. The defense indicated that they will file a reply in mid-August and the Court plans on deciding the motion in September. In addition, the litigation concerning the defendant's recorded telephone conversations is continuing. The case cannot move forward to trial until defense counsel have listened to the most recently disclosed phone conversations, which number in the thousands. Although this case will not go to trial next month, as originally planned, that is primarily due to the fact there are several outstanding legal issues that still remain unresolved.

Having again considered the factors set forth in CPL 510.30, I find that the setting of bail is inappropriate in this case for the same reasons set forth in my previous decisions. Other than the length of time defendant has been incarcerated, there are no changed circumstances that would warrant the setting of bail. Accordingly, defendant's application that bail be set is again denied.

Dated: August 2, 2013
New York, New York

CHARLES H. SOLOMON, J.S.C.

3