

DISTRICT ATTORNEY
OF THE
**COUNTY OF NEW YORK**
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000



**CYRUS R. VANCE, JR.**
DISTRICT ATTORNEY

November 18, 2013

The Honorable Charles Solomon
Supreme Court, Part 82
100 Centre Street
New York, NY 10010

Re: <u>People v. GIGI JORDAN</u>
Indictment No. 00621/2010

Dear Judge Solomon:

On November 15, 2013, the People received defendant's letter requesting the disqualification of the undersigned from this case because his spouse is employed by Quinn Emanuel Urquhart & Sullivan, LLP., a 650-lawyer business-litigation firm that represents plaintiff (ex-husband of defendant) in the federal civil action *Raymond A. Mirra, Jr. v. Gigi Jordan.* The request is without merit.

As reflected in the attached Affirmation of Mr. Robert Raskopf, lead counsel in that civil case, Ms. Bogdanos was never assigned to, or staffed on, the case of *Mirra v. Jordan.* As soon as the under-signed was assigned to the prosecution of the criminal case, Mr. Raskopf immediately executed internal procedures to isolate Ms. Bogdanos from any exposure to the civil case, with the result that Ms. Bogdanos has never had, and will never have, any involvement in, or contact with, the *Mirra v. Jordan* civil case. Not surprisingly, then, she has never filed any notice of appearance in that case. That her e-mail address appeared on the "Notice" list of The Case Management/Electronic Case Files (CM/ECF) system is of no moment.[1] Per Quinn Emanuel standing internal procedures, Ms. Bogdanos' e-mail address, along with the other two e-mail addresses on the notice list, are automatically added to CM/ECF's e-mail notice provisions in every case handled by Mr. Raskopf. The CM/ECF system does not permit adding or deleting e-mail addresses on a case-by-case basis.[2] Finally, the claim that Ms. Bogdanos "has apparently materially benefitted from Mr. Mirra" is also without merit: Ms. Bogdanos is Of Counsel at Quinn Emanuel and not an equity partner.

The People, therefore, decline to take the action requested by defendant, and continue to urge the setting of a trial date.

Respectfully Submitted,

Matthew Bogdanos
Assistant District Attorney

CC: Ronald L. Kuby, Esq.
    Alan M. Dershowitz, Esq.
    Michael G. Dowd, Esq.
    Allan Brenner, Esq.

---

[1] CM/ECF is the federal judiciary's case management system for all bankruptcy, district and appellate courts.
[2] Ms. Bogdanos has been removed from the notice provisions for all of Mr. Raskopf's cases.

SUPREME COURT OF THE STATE OF NEW YORK
CRIMINAL TERM:  PART 82

PEOPLE OF THE STATE OF NEW YORK,

        against

GIGI JORDAN,

        Defendant.

Indictment No. 621/2010

**AFFIRMATION OF
ROBERT L. RASKOPF**

ROBERT L. RASKOPF, an attorney duly admitted to practice in the courts of the State of New York, hereby affirms under the penalty of perjury as follows:

1.      I am an attorney licensed to practice before the courts of New York since April 11, 1977 and a partner with the law firm of Quinn Emanuel Urquhart & Sullivan, LLP.  I am counsel for Plaintiff Raymond A. Mirra, Jr. in the federal case captioned *Mirra v. Jordan*, No. 13-cv-5519 (AT).  Gigi Jordan is the Defendant in that case.

2.      Claudia Bogdanos has never been assigned to or staffed on the *Mirra v. Jordan* civil matter.  She has never received information relating to the *Mirra v. Jordan* civil matter.

3.      As soon as I learned that Matthew Bogdanos had joined the New York District Attorney's prosecution of Gigi Jordan, out of an abundance of caution, I undertook to formally wall off Claudia Bogdanos from the *Mirra v. Jordan* civil matter.

4.      As a result of the formal wall, Claudia Bogdanos is isolated from the *Mirra v. Jordan* matter.  She has never had nor will have any contact with information relating to the *Mirra v. Jordan* case.

5.      For many years, as part of my default settings, my Southern District of New York CM/ECF account included multiple secondary email addresses, including that of Claudia Bogdanos.  By default, the secondary email addresses were automatically associated with all

1

cases in which I had appeared. Thus, whenever a public filing was made in any case in which I had appeared, a CM/ECF Notice of Electronic Filing would be sent to all of the email addresses associated with my CM/ECF account.

6.      On November 12, 2013, Allan Brenner publicly filed a Notice of Appearance on behalf of Gigi Jordan in the *Mirra v. Jordan* civil matter, which caused a CM/ECF Notice of Electronic Filing to be sent to all of the email addresses associated with my CM/ECF account. Shortly after I noticed that Claudia Bogdanos had been a recipient of that CM/ECF Notice of Electronic Filing, and notwithstanding that any member of the public who seeks access to the same filing can obtain it, I removed her email address from my CM/ECF account.

7.      Claudia Bogdanos is of counsel at Quinn Emanuel Urquhart & Sullivan, LLP. She is not an equity partner.

Dated: New York, New York
        November 17, 2013

Robert L. Raskopf

2