UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| GIGI JORDAN | : |
| Plaintiff, | : Case No. 12 Civ. 1742 (KBF) |
| vs. | : |
| RAYMOND A. MIRRA, Jr. | : |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO LIFT STAY OF PROCEEDINGS

Joseph P. Moodhe
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Defendant
Raymond A. Mirra, Jr.*

Dated: New York, New York
November 26, 2013

**Preliminary Statement**

On April 23, 2012, the District Attorney of New York County (the "DA") filed an Application to intervene pursuant to FRCP 24(a) and (b) and to stay further proceedings in this action. The DA requested that this action be stayed pending the conclusion of the criminal trial against Plaintiff Gigi Jordan ("Jordan") for murder in the second degree (the "Criminal Action"). On May 17, 2012, this Court ordered that this action be stayed pending further order of the Court (the "Order"), and ordered the DA to provide the Court with regular status updates regarding the progress of the Criminal Action. On November 8, 2013, Jordan filed a motion to lift the stay of proceedings of this case based on alleged changed circumstances ("Motion"). On November 26, 2013, the DA filed a Memorandum of Law in Opposition to Jordan's Motion ("DA's Opposition"). Defendant Raymond A. Mirra, Jr. ("Mirra") submits this response in support of the District Attorney's opposition. The factors that this Court weighed in considering the DA's Application have not changed, and the reasons for the Order to stay remain as compelling today as when the Order was issued.

**Argument**

**I.    The Proceedings in Their Entirety Should Remain Stayed**

This Court found that a stay of this action was necessary to prevent Jordan from potentially "gain[ing] evidence to which she is not entitled under the governing criminal discovery rules given that certain critical issues in the civil and criminal proceedings overlap extensively." Order at p. 4, citing *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1010 (E.D.N.Y. 1992). The Criminal Action is still pending, and the Court in the Criminal Action has not yet addressed Jordan's novel "filial patricide" defense, which shares "significant

reliance upon the same financial transactions at issue here." Order at p. 4.  Thus the significant policy and public interest considerations which led the Court to order a stay of this action remain equally applicable.  *See* Order at p. 3-4.

Jordan argues that a stay of this action is no longer justified because of an "on-going delay" of the Criminal Action.[1]  While Courts consider the timing of a criminal proceeding in weighing a stay in a civil matter, the critical line in that inquiry is whether there has been an indictment in the criminal case, not the speed with which the criminal trial is concluded.  *Louis Vuitton Malletier S.A. v. Ly USA, Inc.,* 676 F.3d 82, 99 (2d Cir. 2012) (recognizing value in taking into account " whether the civil defendant has been indicted, a factor that speaks to whether a prosecution is likely and imminent as opposed to a remote or purely hypothetical possibility.");  *see also Par Pharmaceutical, Inc. Securities Litigation,* 133 F.R.D. 12, 13 (S.D.N.Y. 1990) ("[t]he weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment; but will deny a stay of the civil proceeding where no indictment has issued.") (internal citations and quotations omitted).  This is particularly true where, as here, significant policy reasons justify a stay.  *Morris v. Am. Federation of State, Cnty. & Mun. Emps.*, 2001 WL 123886 at *2 ("The public has an interest in ensuring the criminal discovery process is not subverted.").  Moreover, Jordan does not point to any prejudice caused by a continued stay, such as evidence that might be lost.

Jordan also argues that a stay is no longer necessary because Mirra filed a civil action for defamation against Jordan on August 7, 2013.  *See Mirra v. Jordan*, 13 Civ. 5519 (AT) (S.D.N.Y. 2013) (the "Defamation Action").  The Defamation Action relates to statements made

---

[1] Jordan argues that this delay is caused by alleged misconduct by the District Attorney, however, the Court in the Criminal Action found that Jordan shares responsibility.  (August 2, 2013 Order, attached as Exhibit A to Jordan's Motion.)

2

by Jordan about Mirra during the week of August 13, 2012 to a *New York Daily News* reporter and republished on August 19, 2012 in the *New York Daily News*.  Mirra filed the Defamation Action in August 2013 in the face of a one-year statute of limitations that was about to expire for any claims that he could bring relating to Jordan's statements to the *New York Daily News* reporter.  On November 18, 2012, the District Attorney filed a motion to stay Mirra's Defamation Action prior to the taking of any discovery, for reasons similar to those stated by the Court here in staying this action.  (*See* Exhibit 2 to DA's Opposition.)  According to Mirra's counsel in the Defamation Action, Mirra does not oppose the motion to stay his civil action.  Thus, contrary to Jordan's assertion, the Defamation Action does not "undercut the basis for the stay" of this matter, Motion at p. 17, and will not allow Jordan to take discovery which she is stayed from obtaining here.

This action should remain stayed to prevent Jordan from undermining the purposefully limited discovery available in a criminal proceeding.  Jordan has not alleged any prejudice to her civil case resulting from a continued stay; in fact, a continued stay will promote judicial efficiency because resolution of the criminal case will likely reduce the scope of discovery in this case and simplify the issues at play.

## Conclusion

For the foregoing reasons, the Court should deny Plaintiff's motion to lift the stay of proceedings, pending the resolution of the criminal matter against Jordan.

Dated: New York, New York
November 26, 2013

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP

By: <u>/s/ Joseph P. Moodhe</u>
Joseph P. Moodhe
919 Third Avenue
New York, New York 10022
(212) 909-6000
jpmoodhe@debevoise.com

*Attorneys for Defendant
Raymond A. Mirra, Jr.*