UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GIGI JORDAN                                        :
                                                  :
                    Plaintiff,                    :
                                                  :
          -v-                                     :
                                                  :
RAYMOND A. MIRRA, JR.,                             :
                                                  :
                    Defendant.                    :
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 1 0 2013

12 Civ. 1742 (KBF)

ORDER

KATHERINE B. FORREST, District Judge:

On March 9, 2012, plaintiff Gigi Jordan ("plaintiff" or "Jordan") filed this action against her ex-husband and former business partner, defendant Raymond A. Mirra, Jr. ("defendant" or "Mirra"), alleging, inter alia, fraud and fraud in the inducement, breaches of various contracts, breach of fiduciary duty, and an accounting.  (ECF No. 1.)  Plaintiff's claims are based upon numerous financial transactions in which she and defendant allegedly jointly engaged during their marriage, as well as upon the alleged events subsequent to those transactions that occurred during and after their divorce.

Plaintiff is also a defendant in a criminal proceeding pending before the Honorable Charles H. Solomon, Jr. in the Supreme Court of the State of New York, County of New York.  In that action, plaintiff is charged with murder in the second degree under Section 125.25(1) of the New York Penal Law, for poisoning her eight-year old son.

On May 17, 2012, the Court stayed plaintiff's civil action pending further Order of the Court.  (ECF No. 23.)  On November 13, 2013, plaintiff filed a motion to

vacate the stay of the proceedings (ECF No. 33), which was fully briefed on December 4, 2013.[1]

"It is well-settled that a court has the discretionary authority to stay a case if the interests of justice so require." Morris v. American Fed'n of State, Cnty. & Mun. Emps., No. 99 Civ. 5125, 2001 WL 123886, at *2 (S.D.N.Y. Feb. 9, 2001). In deciding whether to grant a stay, courts consider five factors: "(1) the private interests of the plaintiff in proceeding expeditiously with the civil litigation as balanced against the prejudice of the plaintiff if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." Id. (citation omitted) (suggesting that courts should also consider the amount of overlap between the civil and criminal cases).[2]

In deciding whether to vacate a stay, the Court also bears in mind the "longstanding public policy against federal court interference with state court proceedings," rooted in "the notion of 'comity,' that is, a proper respect for state functions . . . and a continuance of the belief that the [n]ational [g]overnment will fare best if the [s]tates and their institutions are left free to perform their separate

---

[1] Both the state and defendant Mirra filed oppositions to the motion to lift the stay. (ECF Nos. 42, 44.)

[2] "The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter." Volmar Distributors, Inc. v. New York Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (explaining that declining to do so "might undermine a defendant's Fifth Amendment privilege against self-incrimination" and "might also expand the rights of criminal discovery beyond the limits of Rule 16(b) of the Federal Rules of Criminal Procedure, expose the basis of the defense to the prosecution in advance of trial, or otherwise prejudice the case").

functions in their separate ways." <u>Younger v. Harris</u>, 401 U.S. 37, 44 (1971). While this case presents a different set of circumstances from those in <u>Younger</u>, the Supreme Court's respect for state court proceedings and its disinclination to interfere with such proceedings is nonetheless applicable in a situation such as that currently before this Court.

Here, the factual circumstances that led to the Court's imposition of the initial stay in this action are, as of now, unchanged. First, there is significant overlap between the issues raised in the civil and criminal proceedings. Second, there is a possibility that the evidence potentially available in this action would be beneficial to, and not otherwise accessible in, the state court proceeding. <u>See</u> <u>Twenty First Century Corp. v. LaBianca</u>, 801 F. Supp. 1007, 1010 (E.D.N.Y. 1992). While it is unfortunate that plaintiff's civil action has been delayed because of the lengthy state court discovery process, this fact is not sufficient to justify a vacatur of the stay. Moreover, based on the parties' submissions, plaintiff does not seem to be entirely without responsibility for the delays in state court, further suggesting that vacatur is unwarranted at this time.

CONCLUSION

For the reasons set forth above, plaintiff's motion to vacate the stay is hereby DENIED. The District Attorney is ORDERED to continue providing status updates regarding the status and progress of the criminal proceeding in New York State

3

Court every 90 days.  The updates shall be submitted via letter to the Court, with copies provided to the parties in this action.

The Clerk of Court is directed to maintain this action on the Court's stayed docket and to terminate the motion located at ECF No. 33.


SO ORDERED.

Dated:      New York, New York
            December _10_, 2013


_____
KATHERINE B. FORREST
United States District Judge

4